# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| KEVIN GERRARD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GARDA, f/k/a VANCE ) <br> INTERNATIONAL, VANCE ) <br> UNIFORMED PROTECTION ) <br> SERVICES, INC., a wholly owned ) <br> division of GARDA WORLD ) <br> SECURITY CORPORATION; ) <br> JERRY SARGENT, individually; ) <br> and CHRISTINA MANSFIELD, ) <br> individually, ) <br> ) <br> Defendants. ) | No. 08-cv-1146 |

## **O P I N I O N  &  O R D E R**

Before the Court is Defendants' Motion to Dismiss, filed on June 30, 2008 (Doc. 5). Plaintiff responded to the motion on July 17, 2008 (Doc. 12). For the reasons stated below, the Motion to Dismiss is GRANTED, in part, and DENIED, in part.

## BACKGROUND

On April 25, 2008, Plaintiff Kevin Gerrard filed a three-count complaint in the McLean County Circuit Court of Illinois, alleging defamation against his employer Garda and two other Garda employees, Jerry Sargent and Christina Mansfield (collectively "Defendants").[1]

According to the Complaint, starting in October 2007 and continuing through the time of filing, Defendants defamed Plaintiff "by publishing to customers, employees, and former employees of Garda, statements and comments regarding Plaintiff's professional reputation." (Compl. ¶ 5). The Complaint states that "Jerry Sargent and Christina Mansfield made statements regarding Plaintiff's lack of business capabilities, including but in no way limited to, that Plaintiff was incompetent, had no business expertise, had intimidated and threatened employees, [and] had violated the Company's policies on sexual harassment . . . ." (Compl. ¶ 6).

Plaintiff further alleges that Mr. Sargent told "executives, subordinates, employees and customers of [Garda] . . . that Plaintiff was verbally abusive towards his employees and [that he] was inept at his business practice." (Compl. ¶ 18). The Complaint states that Ms. Mansfield made similar statements, beginning in October 2007, to Garda executives. (Compl. ¶ 24). The Complaint also states that

---

[1] Garda is a corporation that provides security services. The Complaint states that, at the time of filing, Plaintiff was the Managing Director of Garda. The Complaint also states that, at the time the alleged defamatory statements were made, Jerry Sargent was the Director of Human Resources for Garda and Christina Mansfield was the Vice President of Human Resources for the firm. (Compl. ¶¶ 3-8). It is unclear, from the Complaint, whether Mr. Sargent and Ms. Mansfield still hold those positions.

Mr. Sargent "produced a report without Plaintiff's knowledge [which Mr. Sargent] placed in Plaintiff's personnel file[,] detailing that Plaintiff was disciplined for sexual harassment of a former employee. Said report was false." (Compl. ¶ 19). Plaintiff alleges that, as a result of the statements made by Defendants, "customers and other business associates of Plaintiff [and Garda] have all been given the idea that Plaintiff is not a good person to work with and that Plaintiff has operated his business life in an unfit manner." (Compl. ¶ 14).

Defendants removed this case to federal court on June 23, 2008 on the basis of diversity jurisdiction, under 28 U.S.C. §§ 1332, 1441, & 1446 (Doc. 1). Defendants now seek to dismiss the entire Complaint. Defendants argue that the statements to which Plaintiff refers in the Complaint are not defamatory because they are merely statements of opinion. Accordingly, Defendants argue, Plaintiff fails to state a claim upon which relief can be granted, and dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6). (Def.'s Mem. at p. 1).

## LEGAL STANDARD

When considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court must view the complaint in the light most favorable to the plaintiff, and the complaint's well-pleaded factual allegations must be accepted as true. Williams v. Ramos, 71 F.3d 1246, 1250 (7th Cir. 1995). Therefore, a complaint can only be dismissed if a plaintiff cannot prove any set of facts upon which relief can be granted. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1429-30 (7th Cir. 1996). However, the Court is not bound by a plaintiff's legal

conclusions. Nelson v. Monroe Regional Medical Center, 925 F.2d 1555, 1559 (7th Cir. 1991). The province of a Rule 12(b)(6) motion is to question the availability of a legal formula justifying relief on the alleged facts. Maple Lanes, Inc. v. Messer, 186 F.3d 823, 824-25 (7th Cir. 1999).

## ANALYSIS

There are three preliminary matters to resolve. First, the Court denies Defendants' request for oral argument on the motion. Second, the Court finds that Illinois law of defamation applies to this action because Plaintiff is domiciled in Illinois. See Cook v. Winfrey, 141 F.3d 322, 329 (7th Cir. 1998) (noting that Illinois choice of law rules point to the victim's domicile in a multi-state defamation action). The third matter is whether a Rule 12(b)(6) motion is the appropriate vehicle by which to raise the issue that Defendants have raised here. Defendants' only argument, in the instant motion, is that the statements alleged in the Complaint do not constitute actionable defamation because they are statements of mere opinion. This argument involves a question of law for the Court to decide. Hopewell v. Vitullo, 701 N.E.2d 99, 102 (Ill. App. Ct. 1998). The crux of the issue is whether there is a legal remedy available to Plaintiff if his allegations are proven true. Accordingly, Rule 12(b)(6) is the appropriate device. See Cochran v. NYP Holdings, Inc., 58 F. Supp.2d 1113, 1120 (C.D. Cal. 1998) ("Although the existence of defamatory meaning is 'generally a question of fact for the jury,' . . . a court may properly determine whether a statement is fairly susceptible of a defamatory meaning when presented with a motion to dismiss.") (emphasis added).

Under Illinois law, a statement can be the basis for a defamation suit only if it can be reasonably interpreted as stating actual facts about the plaintiff. Hopewell, 701 N.E.2d at 103 (citing Bryson v. News America Publications, Inc., 672 N.E.2d 1207 (Ill. 1996)).  "[A]ll opinions imply facts; however, the question of whether a statement is actionable is one of degree . . . . The [more vague] and . . . generalized the opinion[,] the more likely the opinion is non-actionable as a matter of law."  Id. at 105.  To determine whether an opinion can reasonably be viewed as stating actual facts, Illinois courts use a three part test: (1) whether the language used has a precise and readily understood meaning; (2) whether the context in which the statement was made suggests that the statement has factual content; and (3) whether the statement is capable of being verified as true by objective measure. Id. at 103.  The emphasis is on the third factor.  Id.

Here, it is alleged that Defendants made statements regarding Plaintiff's lack of business capabilities; specifically, that Plaintiff was incompetent, had no business expertise, and was inept at his business practice.  Defendants cite Doherty v. Kahn for the proposition that the alleged statements regarding Plaintiff's incompetence are non-actionable.  682 N.E.2d 163, 172 (Ill. App. Ct. 1997), abrogated on other grounds, 817 N.E.2d 1105 (Ill. App. Ct. 2004).  In Doherty, the Illinois Appellate Court considered a defendant's statements that the plaintiff was "'lazy," "dishonest," that he "[could not] manage a business," that he was "incompetent," and that he "lack[ed] the ability to perform landscaping services."  682 N.E.2d at

5

168. The Doherty Court held that these statements were too conclusory to be objectively verifiable and were, thus, non-actionable. Id. at 172-73.

Similarly, in Hopewell, the Illinois Appellate Court held that a defendant's statement that the plaintiff was "fired because he was incompetent" was a statement of opinion that was not actionable. 701 N.E.2d at 104. The Hopewell Court focused on the word "incompetent" in connection with one's business practice and held that the term was too amorphous to be reasonably interpreted as implying any specific type of factual scenario. Id. at 104-05.

The Appellate Court, in Hopewell, distinguished the case of Quality Granite Construction Co. v. Hurst-Rosche Engineers, Inc., 632 N.E.2d 1139 (Ill. App. Ct. 1994), in which the defendant allegedly published the following statements about the plaintiff: the plaintiff failed to complete a project in a timely manner; his workmanship was substandard; and he was unable to correctly interpret the contract documents, plans, and specifications. Id. at 105. In Quality Granite, those statements were held to be actionable defamation because they "mixe[d] opinions and facts . . . [which were] subject to verification." 632 N.E.2d at 1143.

It is clear to this Court that the statements in the present case regarding "incompetence," "business ineptitude," and "lack of business expertise" fall more in line with Doherty and Hopewell than with Quality Granite. These statements are vague and conclusory; they are not reasonably capable of being objectively verified. Accordingly, they are non-actionable as a matter of law in this defamation suit.

6

But that is not the end of the matter. In addition to the alleged statements regarding general business incompetence, the Complaint alleges that Defendants made statements indicating that Plaintiff had threatened, intimidated, and verbally abused other Garda employees and that Plaintiff had violated his employer's policy regarding sexual harassment.

Defendants argue that the case of Van Duyn v. Smith, 527 N.E.2d 1005 (Ill. App. Ct. 1988) forecloses Plaintiff's claim of defamation with respect to the alleged statements regarding sexual harassment, intimidation, and threats. That decision, however, is readily distinguishable from the facts in this case. Van Duyn involved an anti-abortion activist who published a poster which stated that the plaintiff – an executive director of a health services corporation – was "wanted for prenatal killing in violation of the Hippocratic Oath and Geneva Code." 527 N.E.2d at 1007. The Appellate Court in Van Duyn held that the defendant's labeling of the plaintiff as a "killer" constituted non-actionable opinion because it was clear from the context of the poster that the defendant was merely expressing his views on abortion. Id. at 1014.

In their brief, Defendants argue that "[w]hether [Plaintiff] violated Garda's sexual harassment policy is no more objectively verifiable than whether an abortionist has violated the Hippocratic Oath and Geneva Code." (Def.'s Mem. at p. 5). This argument is unpersuasive. The reason it may be open to social debate whether abortion is "killing" (which, according to Defendants, would conceivably violate the Hippocratic Oath if performed by a physician) is because the abortion

7

issue involves the difficult and ultimately subjective question of what marks the beginning of a human life.  That is precisely why different people hold vastly different opinions about the appropriateness of abortion.  To the contrary, in the context of a sexual harassment policy violation, it is a relatively straightforward process to compare evidence of a person's conduct to conduct which is prohibited by objective policy guidelines.  Therefore, this Court finds that the alleged statements regarding Plaintiff's violation of his employer's sexual harassment policy are statements which could be reasonably construed as objectively verifiable.  The Court cannot say, as a matter of law, that these statements are non-actionable.

Citing again to Van Duyn, Defendants argue that "[w]hether [Plaintiff's] conduct was intimidating [or] threatening . . . is in the eye of the beholder."  To a certain extent, this is true.  It is also true that some degree of subjectivity is involved in answering the question of whether certain conduct is "abusive."  However, accusations of abuse, threats, and intimidation suggest a more specific set of underlying facts than do accusations of professional incompetence.  See Hopewell, 701 N.E.2d at 104 (citing Barakat v. Matz, 648 N.E.2d 1033 (Ill. App. Ct. 1995)); see also Shepard v. Courtoise, 115 F. Supp.2d 1142, 1147 (E.D. Mo. 2000) (accusation that supervisor "abused" employees could reasonably be interpreted as a false assertion of fact).  It is uncomplicated enough for a supervisor to brush aside statements characterizing him as incompetent.  It would seem much more difficult for the same supervisor to ignore untrue allegations that he abused, threatened, and intimidated co-workers.  This Court cannot say, as a matter of law, that there is

no set of facts that would "remove from the realm of protected opinion" Defendants' alleged accusations regarding intimidation, threats, and verbal abuse. See Cook, 141 F.3d at 330.

## CONCLUSION

Defendants' Rule 12(b)(6) motion is GRANTED, in part, and DENIED, in part. No single count of the Complaint is based exclusively on statements found by the Court, in this Opinion, to be statements of non-actionable opinion. Therefore, all counts of the Complaint will survive the instant motion, but only to the extent that each count relates to Defendants' alleged statements regarding intimidation, threats, verbal abuse, and violation of a sexual harassment policy.

ENTERED this 29th day of January, 2009.

        s/ Joe B. McDade
        JOE BILLY MCDADE
        United States District Judge